# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>La'Sharra Valisha McClain,<br><br><br>Debtor(s). | C/A No. 15-03419-HB<br><br>Adv. Pro. No. 16-80100-HB<br><br>Chapter 13 |
| La'Sharra Valisha McClain,<br><br>Plaintiff(s),<br><br>v.<br><br>Midland Funding, LLC<br>Midland Credit Management, Inc.,<br><br><br>Defendant(s). | **ORDER ON MOTION TO DISMISS** |

**THIS MATTER** came before the Court for hearing on October 13, 2016, on the Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] filed by Midland Funding LLC and Midland Credit Management, Inc. (collectively, "Midland"). The essential issue before the Court is whether the proofs of claim filed by Midland comply with the requirements of Rule 3001(c)(2)(A) of the Federal Rules of Bankruptcy Procedure and, if not, whether any remedy is due under 3001(c)(2)(D). This issue has been raised in the form of an adversary proceeding under Rule 7001, rendering 12(b)(6) applicable.

**I.    ALLEGATIONS OF THE COMPLAINT**

Plaintiff La'Sharra Valisha McClain filed for voluntary Chapter 13 relief on June 30, 2015. Her confirmed plan provides for payment to unsecured creditors of 100% of their

---

[1] Made applicable to this adversary proceeding pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

allowed claims. Midland filed nine proofs of claim. The debts arise from revolving charge accounts that were charged-off by another creditor post-petition and then purchased by Midland.[2] Midland's claims affirmatively indicate that they do not include, in addition to the principal amount, any interest, fees, expenses or other charges incurred before the petition was filed. McClain asserts these representations are incorrect, misleading, and deceptive because the claim amounts do include these additions. McClain "believes the misstatements [regarding interest, fees, expenses, or other charges] were not in error but filed with the court for the purpose of preventing full disclosure of the required information or for ease of filing a proof of claim" and are Midland's "standard operating procedure." McClain asserts Midland files thousands of claims each year in this fashion (the Complaint lists a sampling of such claims) that violate 3001(c)(2)(A), and its conduct is not substantially justified or harmless.

McClain does not directly challenge the amount of the claims filed by Midland. Instead, she challenges the accuracy of the information set forth therein. McClain argues that Midland's apparent practice of including such additions in the principal balance and characterizing the sum as principal is irrelevant to the actual nature of the charges and does not affect whether they should be disclosed under 3001(c)(2). She further contends that the itemization of interest, fees, expenses, or other charges is necessary to alert the debtor, debtor's counsel, and the trustee of the nature of the debt to allow a more productive analysis of claims.

---

[2] The proofs of claim state the basis for the claims are "revolving credit/services rendered" and the attachments thereto state the accounts were charged-off in July or August 2015. While McClain did not attach these proofs of claim or her reorganization plan to the Complaint, such matters are of public record on this Court's docket. Accordingly, when ruling on a motion to dismiss, courts may consider documents not included in the Complaint, but are matters of public record. *See Katyle v. Penn Natl. Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.")).

The Complaint alleges McClain previously objected to two of the claims at issue here. Thereafter, Midland filed amended claims that again did not itemize interest, fees, expenses, or other charges incurred before the petition was filed and stated on their face that no such charges were included. However, those amended claims attached credit card statements showing that such additions had been incurred and were included in the total amended claim amounts, characterized as principal.

McClain asks the Court to determine if Midland intentionally, and without regard for the required disclosures, filed incorrect and misleading proofs of claim. If so, McClain requests the Court fashion a remedy pursuant to 3001(c)(2)(D), including awarding attorney's fees, costs, and disallowing the claims. McClain also requests the Court prohibit Midland from filing claims in this fashion, which mislead the debtor, trustee, and other parties who rely on the accuracy of claims filed with the Court.

McClain has alleged, and Midland agrees, this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157, this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B), and this Court may enter a final order.[3]

## II.    RULE 12(B)(6) STANDARD

A motion filed under 12(b)(6) challenges the legal sufficiency of the Complaint and provides that a party may move to dismiss for failure to state a claim upon which relief can be granted. "When ruling on a motion to dismiss, the Court 'must accept as true all of the factual allegations contained in the complaint.'" *In re Warren*, 486 B.R. 704, 707 (D.S.C. 2013) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007)). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter,

---

[3] ECF No. 11-1 at 1.

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

While the plausibility standard does not require "detailed factual allegations," *Twombly*, 550 U.S. at 555, it does require a plaintiff to demonstrate more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint meets this standard when it "articulate[s] facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). To further demonstrate the plausibility standard, the Supreme Court stated that the pleader must provide more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

### III.  THE CLAIM FILING AND REVIEW PROCESS

"A proof of claim is the creditor's statement as to the amount and character of the claim." *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004) (citing Fed. R. Bankr. P. 3001(a)). In a Chapter 13 case, an unsecured creditor must file a proof of claim to participate in distribution of the estate. The "claims are typically paid, either in whole or in part, out of the debtor's future earnings pursuant to a repayment plan proposed by the debtor and confirmed by the bankruptcy court." *In re Dubois*, 834 F.3d 522, 526 (4th Cir. 2016) (citations omitted). When all payments under the plan are completed, the bankruptcy court "grant[s] the debtor a discharge of all debts provided for by the plan or disallowed under section 502 . . ." 11 U.S.C. § 1328(a). "Thus, at the end of the process the debtor receives the 'fresh start' contemplated by the Bankruptcy Code." *Dubois*, 834 F.3d at 526.

4

Section 502 of the Bankruptcy Code governs the allowance of claims that receive a distribution from the bankruptcy estate.  Pursuant to § 502(a), a properly filed proof of claim is deemed allowed unless a party in interest objections.  Section 502(b) provides a list of enumerated reasons for which a claim may be disallowed. 11 U.S.C. § 502(b)(1) – (9).  The Chapter 13 trustee and the debtor are "parties in interest" under § 502(a) who may object to a creditor's claim. *Dubois*, 834 F.3d at 528.  In fact, Chapter 13 trustees are required by the Bankruptcy Code to examine proofs of claim and object to the allowance of any claim that is improper if a purpose would be served. 11 U.S.C. § 1302(b)(1).  Likewise, Chapter 13 debtors have a duty to "cooperate with the trustee in . . . the examination of proofs of claim . . ." Fed. R. Bankr. P. 4002(a)(4).

The Federal Rules of Bankruptcy Procedure specify the form, content, and filing requirements for a valid proof of claim. *See e.g.*, Fed. R. Bankr. P. 3001.  When a claim is executed and filed in accordance with the Bankruptcy Rules, 3001(f) provides that the proof of claim "shall constitute *prima facie* evidence of the validity and amount of the claim."

In 2011, the Bankruptcy Rules were amended to include additional disclosure requirements for certain types of claims.  3001(c) was amended to provide:

> (2) ***Additional Requirements for Individual Debtor Case; Sanctions for Failure to Comply.***  In a case in which the debtor is an individual:
>
>    (A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges **incurred before the petition was filed**, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.
>
>    . . . .
>
>    (D) If the holder of a claim fails to provide any information required by this subdivision (c ), the court may, after notice and a hearing, take **either or both** of the following actions:
>
>       (i) Preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; **or**

5

>     (ii) Award other appropriate relief, including reasonable expenses
>     and attorney's fees caused by the failure.

Fed. R. Bankr. P. 3001(c)(2) (emphasis added).  The apparent intent behind this amendment is to standardize the type of information believed necessary to review proofs of claim in individual debtor cases.[4]

While a failure to comply with the requirements of 3001(c)(2) may undermine the goals of the Bankruptcy Code to promote efficient and economical administration of bankruptcy estates, the Rules Committee has made clear that disallowance of the proof of claim is not an available remedy under 3001. *See* Fed. R. Bankr. P. 3001, Advisory Committee Notes (2011) ("Failure to provide the required information does not itself constitute a ground for disallowance of a claim."); *see also* 9 *Collier on Bankruptcy* ¶ 3001.01 (16th ed. Rev) ("Notably, those penalties do not provide for automatic disallowance of a proof of claim for failure to attach documents.").  The Court retains discretion to allow an amendment to a proof of claim under appropriate circumstances or to "impose a sanction different from or in addition to the preclusion of the introduction of evidence." Fed. R. Bankr. P. 3001(c), Advisory Committee Notes (2011).

Midland relies on *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643 (7th Cir. 2009), asserting that its proofs of claim are not in violation of 3002(c)(2) by characterizing the entire charge-off amount as the principal balance.  In *Wahl*, a debt collector sent dunning letters that did not break-out interest and other elements of the debt charged by the original account holder, but included those amounts in its principal balance.  On summary judgment, the court

---

[4] Additionally, it appears that the requirements now included in 3001(c)(3), which apply to open-end or revolving consumer credit agreements, were added because credit card claims are frequently sold and the claim filer may not be an entity known by the debtor.  Therefore, the debtor would likely need the information set forth in 3001(c)(3) to determine if the claim is for a known credit card account of the debtor.

6

determined there was no falsity under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, in the debt collector's approach. *Wahl* was decided under the FDCPA and different facts – it did not measure compliance with 3001 or involve the process of filing a claim in a bankruptcy proceeding.

Midland also relies on *In re Pursley*, 451 B.R. 213, 216 (Bankr. M.D. Ga. 2011) and *In re Osborne*, C/A No. 03-25176, 2005 WL 6425053 (Bankr. D. Kan. Apr. 25, 2005), decisions that follow the minority view. Additionally, when discussing the breakdown of charges, these cases concerned whether the claimant complied with the Official Form for filing proofs of claim, and both were decided prior to the 2011 Amendments of 3001 that imposed additional requirements and sanctions on creditors filing proofs of claims.

## IV.    CONCLUSIONS

McClain asks the Court to determine whether the claims filed by Midland comply with the requirements of 3001(c)(2)(A) and, if not, whether any remedy is due under 3001(c)(2)(D). Although such a controversy could have reached the Court in other ways, McClain raised it in an adversary complaint. Therefore, 12(b)(6) offers Midland a sieve to clarify McClain's allegations and requested relief. Applying this Rule and the applicable authorities, and considering as true all of the factual allegations of the Complaint, the Court finds that McClain has failed to sufficiently allege cause to disallow Midland's claims.

However, disallowance of the claims is not the sole remedy sought. At this point, the Court cannot find as a matter of law that McClain has <u>no</u> plausible claim for some relief under 3001(c)(2) or that the Court must refrain from considering the facts and applying applicable law thereto to answer the question posed by McClain. The remainder of McClain's allegations are sufficient to raise a valid controversy and to survive Midland's early challenge.

**IT IS, THEREFORE, ORDERED** that Midland's Motion to Dismiss is **granted in part and denied in part** as follows:

1. McClain's allegations and request that the Court determine whether the claims filed by Midland comply with the requirements of 3001(c)(2)(A) and, if not, whether any remedy is due under 3001(c)(2)(D) shall survive the 12(b)(6) challenge;

2. McClain's request to disallow Midland's claim due to its alleged failure to comply with 3001(c)(2)(A) fails to state a claim for which the requested relief can be granted and, therefore, that portion of McClain's Complaint is hereby dismissed; and

3. pursuant to 7012(a), Midland's answer to the remaining portions of McClain's Complaint shall be filed and served on McClain within fourteen (14) days from entry of this Order.

**FILED BY THE COURT**
**11/10/2016**



US Bankruptcy Judge
District of South Carolina

Entered: 11/10/2016